New Jersey Department of Labor,
Workmen's Compensation Bureau.

ALFRED SIMONE, PETITIONER, v. ATLANTIC COMMISSION
CO., RESPONDENT.

Decided March 15, 1945.

For the petitioner, *Harold Krieger.*

For the respondent, *Edwards, Smith & Dawson* (by *George Echelman*).

The case was partially tried on January 15th, 1945, and at that time continued to February 5th, 1945, at which time the remainder of petitioner's case was presented and at the conclusion of the petitioner's case, the respondent's motion for ruling as a matter of law was made, considered and passed on by the court.

The substance of the pertinent portion of petitioner's testimony was that he was in the respondent's employ on July 18th, 1939, or 1940, and while so employed handling tomatoes he felt a pain in his left biceps muscle of which he informed his foreman the following day and following which he was treated by Dr. Anthony J. Watman on a number of occasions. Thereafter he was examined by Dr. H. V. Spaulding on September 5th, 1940. It appears that nothing further was done

in the matter and no petition for compensation was filed until October 9th, 1943, which petition requests compensation by reason of the alleged 1939 accident.

Petitioner testified as is herein summarized and as to his present complaints; also that on June 1st, 1943, he was sent by the respondent's compensation insurance carrier to Dr. Spaulding. On behalf of the petitioner it is contended he was sent to Dr. Spaulding and Dr. Spaulding in fact treated petitioner while on behalf of the respondent it is contended that petitioner was sent to Dr. Spaulding only for the purpose of examination. The respondent's compensation carrier did pay Dr. Spaulding for the June, 1943, visit and made that payment on June 10th, 1943.

On behalf of petitioner, medical evidence was presented by Dr. Joseph Koppel, the substance of which was that petitioner has a permanent disability of from 20% to 25% of the arm as the result of the alleged accident.

At the conclusion of petitioner's case, the respondent, in the form of a motion for nonsuit, through its counsel made a motion for a ruling as a matter of law that petitioner had failed to establish a *prima facie* case within the jurisdiction of the Workmen's Compensation Bureau. It was the respondent's position that the petitioner's right to compensation expired two years after the date of the last treatment so that even if the visit to Dr. Spaulding on September 5th, 1940, was treatment rather than examination, that the right to file the petition expired two years after that date, that it was immaterial whether the June 1st, 1943, visit was for treatment or examination. The respondent further contended that if it was material whether the June 1st, 1943, visit was for examination or treatment that the petitioner had failed to establish a *prima facie* case of authorized treatment on June 1st, 1943.

After having heard the argument of counsel for petitioner and considering the entire matter including the statutes involved and the statements of petitioner, I am of the opinion and rule that petitioner has failed to make out a *prima facie* case of jurisdiction and petitioner has failed to establish that his right of action was revived. The substance of *R. S.* 34:15-41; *N. J. S. A.* 34:15-41 and *R. S.* 34:15-51; *N. J.*

*S. A.* 34:15–51 is to require an injured employee to file a petition within two years after an accident or last payment of compensation; furnishing of treatment has been interpreted in the *Betsy Ross Ice Cream Co.* v. *Greif* case, 127 *N. J. L.* 323; 22 *Atl. Rep.* (2d) 571, as a payment of compensation. No compensation in money was paid in the present case. Under the *Betsy Ross* v. *Greif* case, petitioner having been furnished treatment up to September 5th, 1940, assuming that the visit to Dr. Spaulding was treatment rather than examination, his right to file a petition was thereby extended for a period of two years or until September 6th, 1942. Petitioner having failed to file a petition within said extended two year period, his right to do so expired and the Workmen's Compensation Bureau is without jurisdiction to further entertain the claim.

In accordance with the foregoing ruling as is more fully set forth in the stenographic record of the court's oral determination made at the conclusion of the case, respondent's motion is granted and the petitioner's claim is hereby nonsuited.

CHARLES E. CORBIN,
*Deputy Commissioner.*